ORIGINAL
O+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ERNEST MYERS,

                Plaintiff,

-against-                              **MEMORANDUM & ORDER**
                                                          Case No. 06-CV-1612 (FB) (VVP)
COSTCO WHOLESALE CORPORATION,

                Defendant.
----------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                *For the Defendant:*
MARTIN L. GINSBERG, ESQ.           WILLIAM P. NOLAN, ESQ.
80-59 Lefferts Boulevard               Gallagher, Walker, Bianco & Plastaras
Kew Gardens, New York 11415       98 Willis Avenue
                                                   Mineola, New York 11501

**BLOCK, Senior District Judge:**

        Defendant Costco Wholesale Corporation ("Costco") moves for summary judgment on the grounds that it did not have constructive notice of the condition which allegedly caused plaintiff Ernest Myers' ("Myers") injury and because Myers lacks capacity to bring this suit as a result of his bankruptcy petition and subsequent discharge. Myers does not oppose the motion. For the reasons stated below, Costco's motion is granted.

### Background

        The following uncontroverted facts are taken from the depositions of Myers, his friend and eyewitness Nafeesha Pasha ("Pasha"), and Costco employee Aidysell Valentine ("Valentine").

        At his deposition, Myers testified to the following: He and Pasha were shopping at the Costco located in Brooklyn, New York on September 4, 2004; the two were

1

walking down aisle 515 at approximately 1:30 p.m., when Myers' right leg "slipped from underneath [him]" as a result of stepping on a "very slippery ... off-color white ... gooey" substance, Nolan Affirmation, Ex. C (Myers Dep. Tr.) at 62, 66; and although Myers did not fall, he tore the meniscus in his right knee, which required arthroscopic surgery to repair. Myers also testified that he did not notice the substance before the slip and had no knowledge of what caused the substance to be on the ground. *See id.* at 69 ("I don't know how long it was there. I just know that it wasn't big enough for me to notice.").

Pasha testified at her deposition that she also did not see the substance prior to Myers' slip, Nolan Affirmation, Ex. D (Pasha Dep. Tr.) at 48 ("Q.: At any time prior to the incident did you see what Mr. Myers slipped on? ... A.: No."), and that she did not "have any idea how it ended up on the floor," *id.* at 56.

Valentine testified at her deposition that she performed a "floor walk," checking for "any dirt, debris on the floor," Nolan Affirmation, Ex. E (Valentine Dep. Tr.) at 11, of aisle 515 at approximately 1 p.m. on the date of the incident and did not notice any spills or other problems in the aisle.

Myers filed this action on October 28, 2005 in New York State Supreme Court, Kings County; the case was properly removed on April 7, 2006 as Costco is a Washington corporation and plaintiff claims $2,000,000 in damages. On October 15, 2005, Myers filed for Chapter 7 bankruptcy protection, failing to list this cause of action as an asset. Meyers also did not list this action as an asset in his amended statement of financial affairs filed in January of 2006. He was discharged from bankruptcy on March 2, 2006.

2

## Discussion

Summary judgment may be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff's "lack of a response does not justify a default judgment because, even where a non-moving party fails to respond to a motion for summary judgment, a court may not grant the motion without first examining the moving party's submission to determine if it has met its burden." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109-110 (2d Cir. 2006) (citations and quotations omitted). New York substantive law applies in this diversity action.

### I.

"[I]t has long been the rule that '[u]pon the filing of a voluntary bankruptcy petition, all property which a debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate;'" therefore, "a debtor lacks legal capacity to sue on any undisclosed claim that accrued prior to the close of the bankruptcy proceeding." *Thruway Investments v. O'Connell & Aronowitz, P.C.*, 772 N.Y.S. 2d 716, 719-20 (3d Dep't 2004) (*quoting De Larco v. De Witt*, 527 N.Y.S.2d 615, 616 (3d Dep't 1988)). Myers' claim against Costco accrued on the date of the incident, and it is undisputed that he voluntarily filed for bankruptcy after the incident occurred. It is also undisputed that Myers was subsequently discharged from bankruptcy and failed to list this action as an asset in the bankruptcy proceedings; "[h]aving failed to do so, [he] lack[s] the capacity to sue in the present action." *Coogan v. Ed's Bargain Buggy Corp.*, 719 N.Y.S.2d 260, 261 (2d Dep't 2001).

3

## II.

Even assuming Myers has capacity to sue, Costco is entitled to judgment because there is no evidence indicating that Costco had notice of the condition causing Myers' slip.

"It is well settled that in cases involving a slip and fall as a result of a foreign substance on a floor of a commercial enterprise, to impose liability upon defendant, there must be evidence tending to show the existence of a dangerous or defective condition and that defendant created the condition or had actual or constructive notice thereof." *Bashaw v. Rite Aid of New York, Inc.*, 615 N.Y.S.2d 537, 538 (App. Div. 3d Dep't 1994) (citation and quotations omitted). It is undisputed that Costco did not have actual knowledge of the substance on which Myers alleged he slipped.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837 (1986). Once the defendant has made a *prima facie* case that it did not have actual or constructive notice, "the burden shift[s] to plaintiff[] to come forward with evidentiary proof in admissible form sufficient to raise a triable issue of fact." *Bashaw*, 207 N.Y.S.2d at 538. Plaintiff has not satisfied his burden—there is no evidence that anybody saw the substance prior to the incident nor were Myers or Pasha able to describe the substance in a manner which would have indicated it had been present for some period of time; "[t]hus, on the evidence presented, the [substance] that caused plaintiff's [slip] could have been deposited there only minutes or seconds before the accident and any other

conclusion would be pure speculation." *Gordon*, 67 N.Y.2d at 838.

## CONCLUSION

Defendant's motion for summary judgment is granted; the complaint is dismissed.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 24, 2007